# EXHIBIT A

STATEMENT OF conversation with Stuart Birk DATE 2-26-08

LOCATION Newport News Call center TIME 10:30Am

Latasha Chatman EMPLOYEE ID # ____________

I, Latasha Chatman ____________, voluntarily make the following statement to Robert Ward (UPS Site Manager) knowing full well that no threats or promises have been made to me

regarding trk number 1Z00U4E20393830037 regarding this pkg was sch for delivry but a tracer was inputted in the system. Spoke to the Nassau NY center and they stated they could not find the pkg and he was very upset (processing inc) to make threats against UPS. Stating that he was going to blow up the UPS Customer Center and he is a very dangerous man. Explain to Stuart that the threats made was intolerable and he stated that UPS was messing with his family money. He stated that he has invested 300,000 with UPS and he was not going to let his family go down. He also stated that he wanted UPS Sales Rep Jeff Malecki to be fired and that he was

SUBSCRIBED AND SWORN TO before me this ____________ day of ____________, 20______

____________________
Notary Public, New Jersey

SIGNATURE [illegible signature]

WITNESS [illegible signature]

PAGE 1 OF 2

## *STATEMENT CONTINUED*

STATEMENT OF Latasha Chatman ID # ____________
(PRINT NAME)

going to handle him as well. Escalated the call to my supervisor and the call was then handled.

SUBSCRIBED AND SWORN TO before me this ____________ day of ______________, 20______

______________________
Notary Public, New Jersey

SIGNATURE [signature]

WITNESS [signature]

PAGE 2 OF 2

# EXHIBIT B

DLA PIPER

DLA Piper US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293
www.dlapiper.com

Samuel B. Isaacson
samuel.isaacson@dlapiper.com
T 312.368.2163
F 312.251.5827

March 13, 2008

***VIA HAND DELIVERY***

Stups, Inc.
c/o Stuart Berk
the UPS Store #5603
1936 Hempstead Turnpike
East Meadow, NY 11554-1712

**Re: Notice of Material Default and Termination of Franchise Agreement for the UPS Store Center #5603**

Dear Mr. Berk:

DLA Piper US LLP represents Mail Boxes Etc. Inc. ("MBE") and its parent company, United Parcel Service of America, Inc. ("UPS"), in connection with various franchise related matters, including MBE's franchise relationship with Stups, Inc. concerning The UPS Store® Center #5603 located at 1936 Hempstead Turnpike, East Meadow, New York 11554 (the "Center"). This letter notifies both you and Stups, Inc. (collectively "you") that, as a result of your ongoing pattern of erratic and abusive behavior, which recently culminated in your threats of imminent harm endangering the safety of MBE and UPS-affiliated personnel, as well as the public at large, you are in material breach of your franchise agreement with MBE dated July 25, 2005 (the "Franchise Agreement"). As further described in detail below, your grave actions constitute an incurable default of the Franchise Agreement and necessitate MBE's termination thereof, without further notice from, or other action required by, MBE to cancel your franchise rights to own and operate the Center.

In recent communications with MBE, you have made clear your belief that MBE and UPS are anti-Semitic organizations who have discriminated against you due to your Jewish faith. While your accusations in this regard are patently false and abhorrent to both MBE and UPS, you have recently acted upon your beliefs and frustration as an MBE franchisee by making unlawful, terrorist threats against a UPS facility. In particular, on February 26, 2008, you placed a call to a UPS call center in Newport News, Virginia and stated that, "I am going to go down and blow up that [UPS] center [in Hicksville, New York]. I am a dangerous person and they don't know me."

In an email that same day sent to MBE's regional coordinator for the Center's area, you wrote that "I will not tolerate. . . [MBE personnel] that have attitude problems or will not face me one on one. . . . I am now going back to basics and handling this my own way unless you or MBE intervene in a timely manner." Around the same time, you left a voicemail for an MBE district consultant saying that "Now I know I am dealing with thieves, liars and stupid morons. If they want to play that game, I m not playing it any more. I'm doing it my way, and hopefully there won't be a major body count. As they said in *First Blood*, 'It's only over when I say it's over.'"

Since February 26, 2008, you have repeated your assertion that MBE and UPS have engaged in anti-Semitic, discriminatory behavior against you, and that you would be contacting the Anti-Defamation League ("ADL") about such conduct. In correspondence to Stuart Mathis, MBE's President, on March 6, 2008, you further complained about your then-current problems and suggested that "MBE or UPS would have to come up with some money" to resolve such problems. MBE and UPS will not succumb to such unlawful threats.

UPS and MBE have informed law enforcement of your threats to carry out a terrorist act

EXHIBIT B PAGE 6

DLA PIPER



Your interactions with MBE and UPS in the form of verbal and written invective reflect a pattern of harmful conduct which has escalated to intolerable and unlawful proportions. MBE has a record of reports and documentation dating back to April 2006 that substantiates flagrantly offensive and profane remarks and abusive behavior designed to intimidate various MBE and UPS-affiliated personnel and service providers. While this list is certainly not exhaustive, it is representative of your tactics leading up to the February 26, 2008 terrorist threats:

- on May 1, 2006, demanding an answer within a few hours of contacting an MBE representative or "I will handle this in my own way which will give me satisfaction";
- on August 2, 2006, characterizing an MBE employee who had tried to assist you as being "as useless as my 18-month old grandson";
- on November 14, 2006, claiming that "I will do what is necessary to protect my investment at anyone else's expense";
- on multiple occasions, berating MBE representatives that you intended to contact various media outlets about problems related to your Center, and the New York State Attorney General's office in at least one instance regarding tax payments, if those representatives did not immediately accede to your then-specified demands;
- on February 28, 2007, yelling at and then hanging up on the MBE representative that attempted to address your complaint;
- on June 20, 2007, writing that "I do not care what I have to do to the inspectors, they will approve this package. Believe me I am no small person, and they will approve it or I will handle them too."; and
- on August 24, 2007, threatening to call the police if certain MBE personnel were to visit the Center in person in response to one of your complaints.

By engaging in the described conduct culminating in your threat last month to "blow up" the UPS facility, you have materially breached the terms of your Franchise Agreement. Pursuant to Section 12.4(k) of the Franchise Agreement, your actions "reflect materially and unfavorably upon the operation and reputation of the Center. . . ." Your dangerous remarks and demonstrable disregard for public safety substantially damage the MBE and UPS brands and the public as a whole. Your threatened endangerment of the lives and safety of MBE and UPS-related personnel, customers, as well as the welfare of the general public, constitutes inconceivable conduct that unequivocally impairs MBE's reputation, System, Marks, and its goodwill and interests therein. Neither MBE nor UPS will tolerate such behavior any longer. Furthermore, regarding your allegations of anti-Semitism, discriminatory treatment, and associated remarks that MBE "come up with some money" to appease you, MBE categorically denies any such allegations of wrongdoing and will not accede to a demand it deems to be an overture of extortion.

Accordingly, MBE is exercising its right to terminate your Franchise Agreement effective immediately without notice or opportunity to cure. In order to enable you to sell your Center to a third party in

DLA PIPER



accordance with the Franchise Agreement, however, MBE will extend the termination date until May 31, 2008, provided you consent to the following conditions for this extension:

1. You will absolutely and unequivocally refrain from any manner of unprofessional, abusive, harmful, or otherwise offensive conduct in relation to your operation of the Center pending the termination or sale, as the case may be. You agree that MBE may tape record all future conversations with you to ensure we have no dispute about any statements you may make;

2. You will immediately undertake reasonable efforts to sell the Franchise to a third party buyer and (i) submit to MBE a fully executed purchase and sale agreement with an MBE approved purchaser no later than April 30, 2008, and (ii) close the sale transaction no later than May 31, 2008. Should you fail to satisfy either of these deadlines, the termination shall take effect immediately upon expiration of the applicable deadline; and

3. No material harm or damage occurs during the extension period to MBE's Marks or goodwill as a result of, or arising from, any of your past, present, or future conduct;

4. You will comply with all terms and conditions of the Franchise Agreement from this date forward.

Unless you accept this conditional extension of your termination date by counter-signing this letter and returning it to me at (312) 251-5827 via fax no later than March 14, 2008 at 5:00 PM EST, your termination will be effective immediately. You should also understand that MBE may terminate the Franchise Agreement at any time during the extension period should there be any breach of the conditions upon which the extension is being granted. You should govern yourself accordingly. Finally, please note that, should MBE be required to take further legal action to enforce termination of the Franchise Agreement, including collection of any outstanding amounts owed by you to MBE, fulfillment of de-identification procedures, or enforcement of any post-termination covenants, MBE will seek reimbursement of all attorneys' fees and costs incurred in connection with this matter.

MBE reserves all of its rights and remedies under the Franchise Agreement. Please give this matter your immediate attention.

Very truly yours,

**DLA Piper US LLP**

Samuel B. Isaacson
Partner

SBI:jh

cc: United Parcel Service of America, Inc.
Mail Boxes Etc., Inc.

DLA PIPER

Stups, Inc.
c/o Stuart Berk
March 13, 2008
Page Four

**Consent:**

______________________________
**Stups, Inc.**

______________________________
**Stuart Berk**