JOHN J. WALLER, JR. (State Bar No. 094449)
JAY STEIN (State Bar No. 141042)
Members of
FINESTONE & RICHTER,
A Professional Corporation
11601 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
Telephone: (310) 575-0800
Facsimile: (310) 575-0170
E-Mail: jwaller@frlawcorp.com
jstein@frlawcorp.com

Attorneys for Defendants
Stups, Inc. and Stuart Berk

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAIL BOXES ETC., INC.,<br><br>Plaintiff,<br><br>vs.<br><br>STUPS, INC. and STUART BERK,<br><br>Defendants. | Case No.: 3:08-CV-00491-JAH- POR<br><br>**EVIDENTIARY OBJECTIONS TO AFFIDAVITS OF LATASHA CHATMAN, STEVEN HERNANDEZ AND ROBERT KAUFMAN**<br><br>Date: April 1, 2008<br>Time: 2:30 p.m.<br>Judge: Hon. John A. Houston<br>Place: Courtroom 11 |

Defendants Stups, Inc. and Stuart Berk (collectively, "Stups") hereby submit their evidentiary objections to the Affidavits of Latasha Chatman, Steven Hernandez and Robert Kaufman submitted by Plaintiff Mail Boxes Etc., Inc. ("MBE") in support of its Application for Temporary Restraining Order.

**<u>Latasha Chatman</u>**

1. **<u>Paragraph_6 and Exhibit A</u>**

Stups objects to the portion of this paragraph that states that Exhibit A is purportedly a document that was “prepared and maintained in the ordinary course of business” [lines 12-13], and to Exhibit A in its entirety, on the ground that the referenced document was clearly prepared for purposes of this litigation and was not prepared in the ordinary course of business as required by Rule 803(6) of the Federal Rules of Evidence and Exhibit A contains hearsay statements in violation of Rule 801 of the Federal Rules of Evidence.

**<u>Steven Hernandez</u>**

1. **<u>Paragraph_3 and Exhibit A</u>**

Stups objects to the portion of this paragraph that states “Ms. Chatman reported in her handwritten statement about a telephone conversation that she had had with Stuart Berk on February 26, 2008 at 10:30 a.m. A true copy of Ms. Chatman’s written statement is attached hereto as Exhibit A” [lines 2-4], on the grounds that it constitutes impermissible hearsay testimony in violation of Rule 801 of the Federal Rules of Evidence for which there is no exception.

Stups further objects to the balance of this paragraph [lines 4-11] on the grounds that it constitutes impermissible hearsay testimony in violation of Rule 801 of the Federal Rules of Evidence for which there is no exception.

**2. <u>Paragraph_4</u>**

Stups objects to the portions of this paragraph that make reference to what Mr. Berk purportedly told persons other than Mr. Hernandez on the grounds that it constitutes impermissible hearsay testimony in violation of Rule 801 of the Federal Rules of Evidence for which there is no exception.

**3. <u>Paragraph_5</u>**

Stups objects to the portions of this paragraph that make reference to what persons other than Mr. Hernandez purportedly did on the grounds that it constitutes impermissible hearsay testimony in violation of Rule 801 of the Federal Rules of Evidence for which there is no exception, and also violates Rules 602 and 704 of the Federal Rules of Evidence in that there is nothing to establish that the declarant has personal knowledge of the referenced matters or how he purportedly has knowledge of such matters.

**<u>Robert Kaufman</u>**

**1. <u>Paragraph_5</u>**

Stups objects to this paragraph in its entirety on the grounds that it constitutes impermissible hearsay testimony in violation of Rule 801 of the Federal Rules of Evidence for which there is no exception, and also violates Rule 901 of the Federal Rules of Evidence in that there is nothing in his affidavit that establishes who purportedly transcribed the alleged voicemail message, when that transcription was allegedly made, how the transcription was allegedly made, and whether the transcription is accurate.

**2. Paragraph_6**

Stups objects to this paragraph in its entirety on the grounds that it constitutes impermissible hearsay testimony in violation of Rule 801 of the Federal Rules of Evidence for which there is no exception, and also violates Rule 901 of the Federal Rules of Evidence in that there is nothing in his affidavit that establishes who purportedly transcribed the alleged voicemail message, when that transcription was allegedly made, how the transcription was allegedly made, and whether the transcription is accurate.

**3. Paragraph_8 and Exhibit A**

Stups objects to the entirety of this paragraph, exclusive of its first sentence, and to Exhibit A, on the grounds that the statement regarding what the declarant purportedly told an unidentified individual constitutes impermissible hearsay testimony in violation of Rule 801 of the Federal Rules of Evidence for which there is no exception, and also violates Rule 901 of the Federal Rules of Evidence in that, on its face, Exhibit A does not constitute a purported receipt of any alleged transaction.

DATED: March 24, 2008

JOHN J. WALLER, JR.
JAY STEIN
FINESTONE & RICHTER

By___/s/John J. Waller, Jr.
John J. Waller, Jr.

Attorneys for Defendants
Stups, Inc. and Stuart Berk

F:\CLIENTS\Stups-Berk\Pleadings\TRO Opposition\Evidentiary Objections.doc