PAUL A. REYNOLDS (Bar No. 179656)
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

SAMUEL B. ISAACSON (*pro hac vice to be filed*)
PETER M. ELLIS (*pro hac vice to be filed*)
DLA PIPER US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60610
Tel: 312.368.4000
Fax: 312.236.7516

Attorneys for Plaintiff
**Mail Boxes Etc., Inc.**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**MAIL BOXES ETC., INC.,**

**Plaintiff,**

**v.**

**STUPS, INC. and STUART BERK,**

**Defendants.**

Case No. 3:08-CV-00491-JAH-POR

**PLAINTIFF MAIL BOXES ETC., INC.'S REPLY TO EVIDENTIARY OBJECTIONS TO AFFIDAVITS OF LATASHA CHATMAN, STEVEN HERNANDEZ AND ROBERT KAUFMAN**

Date: April 1, 2008
Time: 2:30 p.m.
Judge: Hon. John A. Houston
Place: Courtroom 11

**ORAL ARGUMENT REQUESTED**

Defendants' evidentiary objections are without merit and should be overruled.

**Chatman Affidavit**

Defendants object to Exhibit A to Chatman's affidavit and Paragraph 6 authenticating that exhibit. They claim that Exhibit A, a copy of Chatman's contemporaneous notes memorializing a conversation with Berk, is not subject to the business records hearsay exception because it "was clearly prepared for purposes of this litigation," rather than in the ordinary course of business.

Defendants offer no facts or law to support their conclusory statement because no such support exists. The testimony offered in Ms. Chatman's affidavit shows that her written statement was prepared in the ordinary course of business: that she prepared it the same day as receiving Berk's threatening call, and that preparing such a report is part of the ordinary course of business (indeed, the report itself is on a form, showing this practice is typical). See Fed. R. Evid. 803(6). It is not surprising that it would be a businesses' practice to contemporaneously memorialize the receipt of threats of physical violence; indeed, it would be surprising if a business did *not* customarily do so. See id.

**Hernandez Affidavit**

Paragraph 3 of Hernandez's affidavit discusses Mr. Hernandez's receipt of Chatman's written statement, summarizes it, and attaches it as an exhibit. Defendants object on hearsay grounds to the portion of this paragraph summarizing the exhibit as well as the exhibit itself. Even assuming their objections are well-taken, however, they are irrelevant because the summary and exhibit are redundant. As shown above, the exhibit has been properly introduced through Ms. Chatman's affidavit.

Paragraphs 4 and 5 of Hernandez's affidavit discuss Hernandez's investigation of the Berk's threat and MBE's reporting of that threat to law enforcement officials. Defendants claim these paragraphs contain hearsay. However, nothing in these paragraphs quotes of attributes statements to anyone other than Berk; rather it simply recounts the results of the investigation. As such, there is not an out of court statement offered to prove the truth of the matter asserted, as is necessary to implicate the hearsay rule. Fed. R. Evid. 801(3)("'Hearsay' is a statement, other

than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").

Defendants also object that Hernandez does not have personal knowledge of MBE's reporting of the threats to law enforcement. However, Hernandez himself states that he has personal knowledge of what he is testifying about (see ¶ 1), and nothing stated by Defendants refutes this.

**Kaufman Affidavit**

Defendants object to paragraphs 5 and 6 of Kaufman's affidavit, which transcribe the contents of voice-mails left by Berk on Kaufman's cell phone. They claim this constitutes impermissible hearsay and that there is not adequate foundation for the transcriptions.

The hearsay argument fails because the only "statement" involved is from Berk, a party opponent. See Fed. R. 801(d)(2). Kaufman testifying what Berk's voicemail says is no different, for hearsay purposes, than him testifying what Berk told him on the telephone or in person. The foundation argument is likewise without merit. Kaufman testifies that these are transcriptions of voicemails left for him. Pursuant to the Federal Rules of Evidence, testimony of a witness with knowledge is sufficient to support a finding that the matter in question is what it is claimed to be. See Fed. R. Evid. 901(b)(1) (To remove any potential issue, however, MBE is lodging with the court a CD containing audio files of these voicemails, along with supplemental declarations detailing the making of the recording.)

Finally, Defendants object to paragraph 8, which discusses an individual conducting a transaction at Berk's store at Kaufman's request, and Exhibit A, a copy of a receipt for that transaction. Defendants claim his stating that a person conducted a transaction at his request constitutes hearsay. Again, this is a misapplication of the hearsay rule. Since Kaufman is not testifying about the content of what someone told him (let alone for the truth of the matter asserted), the rule is simply not implicated. See Fed. R. Evid. 801(a),(c).

Defendants also claim that the receipt, Exhibit A, has not been properly authenticated because "on its face, Exhibit A does not constitute a purported receipt of any transaction." First,

this is not a valid objection as to authenticity—simply an argument about what a document does or does not mean. Second, it is incorrect as a factual matter: reference to the exhibit reveals that shows a transaction for $4.00 occurring on “03/15/08.”

Based upon these arguments and the application of the Federal Rules of Evidence, the Court should overrule Defendants’ objections.

Dated: March 25, 2008

DLA PIPER US LLP

By /s/ Paul A. Reynolds

PAUL A. REYNOLDS
Attorneys for Plaintiffs
Mail Boxes Etc., Inc.
paul.reynolds@dlapiper.com