JOHN J. WALLER, JR. (State Bar No. 094449)
JAY STEIN (State Bar No. 141042)
Members of
FINESTONE & RICHTER,
A Professional Corporation
11601 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
Telephone: (310) 575-0800
Facsimile: (310) 575-0170
E-Mail: jwaller@frlawcorp.com
jstein@frlawcorp.com

Attorneys for Defendants
Stups, Inc. and Stuart Berk

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MAIL BOXES ETC., INC.,

Plaintiff,

vs.

STUPS, INC. and STUART BERK,

Defendants.

Case No.: 3:08-CV-00491-JAH- POR

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO PERMIT MANUAL FILING OF EXHIBIT THAT CANNOT BE CONVERTED INTO ELECTRONIC FORM**

Date: April 1, 2008
Time: 2:30 p.m.
Judge: Hon. John A. Houston
Place: Courtroom 11

Defendants Stups, Inc. and Stuart Berk (collectively "Stups"), by and through their attorneys of record herein, hereby submit the following points and authorities in opposition

to Plaintiff’s Ex Parte Application To Permit Manual Filing of Exhibit That Cannot Be Converted Into Electronic Form:

**I.**

**PLAINTIFF’S EX PARTE APPLICATION IS UNTIMELY AND THE PRIVILEGE OF FILING THAT MOTION HAS BEEN WAIVED.**

Plaintiff filed its Motion for Temporary Restraining Order on March 17, 2008. However, Plaintiff failed to serve and file at that time the instant Ex Parte Application to Permit Manual Filing of Exhibit. Plaintiff also failed to serve at the time of filing its motion the actual evidence it now seeks to file manually. In fact, through the filing of this Opposition, Plaintiff still has not served upon Defendants the evidence it seeks to file by way of the instant Ex Parte Application.

On March 24, 2008, Defendants filed their opposition papers, including the evidence in support of that opposition. Along with the Opposition, Defendants filed objections to certain of Plaintiff’s evidence.

It is only *after* Plaintiff received Defendants’ opposition and evidentiary objections that Plaintiff sought to supplement its moving papers with evidence not served or filed with the moving papers.

Local Rule 7.1(f)(2)(a) requires the moving party to serve and file with its Notice of Motion “all documentary evidence which the movant intends to submit in support of the motion.” Plaintiff failed to do so. Federal Rule of Civil Procedure 6

(c)(2) also requires all affidavits supporting a motion to be served with the motion.

"A movant's failure to file any papers required under the local rules may be deemed as a waiver of the motion, or other request for ruling by the court." (Local Rule 7.1(f)(2)(b))

Therefore, by failing to serve and file the proposed evidence with the Notice of Motion and by failing to file the Ex Parte Application with the Notice of Motion, Plaintiff has waived both the right to proffer the new evidence and the right to seek leave of court to submit the evidence manually.

## II.

## GIVEN ITS UNTIMELINESS, PLAINTIFF'S EX PARTE APPLICATION IS ALSO NOT PROPERLY BEFORE THE COURT BECAUSE IT IS NOT SUPPORTED BY AN "EXCUSABLE NEGLECT" MOTION.

Plaintiff was required by the Federal Rules of Civil Procedure ("FRCP")and by local rule to serve and file with its Notice of Motion all of the evidence in support of its motion. It did not. After receiving Defendants' opposition brief and evidence and Defendants' accompanying objection to Plaintiff's evidence, Plaintiff now seeks leave to file evidence in support of its original motion.

FRCP 6(b)(1) provides that, for good cause, the Court may extend a party's time in which to perform some act if the request is made before the time to perform expires, or "on motion made after the time has expired if the party failed to act because of excusable neglect."

With respect to Plaintiff's instant Ex Parte Application, no excusable neglect is set forth as the basis for seeking the ex parte order, no evidence is submitted in favor of such ground, and, in fact, there has been no excusable neglect. Plaintiff knew of the evidence it now seeks leave to file and did not even attempt to file it until after it received Defendants' Opposition and evidentiary objections.

## III.

## PLAINTIFF'S ATTEMPT TO INTRODUCE NEW, BUT PRE-EXISTING EVIDENCE AFTER THE FILING OF ITS MOTION IS IMPROPER AND OBJECTIONABLE.

An important procedural distinction is presented by Plaintiff's instant motion to file manually additional evidence in support of its original motion, that distinction being that it is not newly discovered evidence, nor is it evidence that is only newly relevant because of matters raised first by opposition brief. Plaintiff knew of this evidence, referenced it in an objectionable way in its moving papers and, now, only after tacitly acknowledging the merit of Defendants' evidentiary objection to the original reference to it seeks to file new evidence in support of its original motion.

The filing of such evidence would be patently unfair. Defendant formulated its response to the original motion on the basis that Plaintiff had filed the totality of its evidence when filing its motion.

In various ways, courts have enforced preclusions against the untimely introduction of new evidence and the presentation of

new arguments. "The district court need not consider arguments raised for the first time in a reply brief." Zamani, et al. v. Carnes, 491 F3d 990, 997 (9th Cir. 2007). Undoubtedly, such preclusions ensure that a responding party is not "sandbagged" with different evidence after presenting its Opposition.

Accordingly, the Court is requested to preserve the fairness of the responsive briefing schedule by denying Plaintiff's Ex Parte Motion for leave to permit manual filing of evidence.

DATED: March 27, 2008

JOHN J. WALLER, JR.
JAY STEIN
FINESTONE & RICHTER

By___/s/John J. Waller, Jr.
John J. Waller, Jr.

Attorneys for Defendants
Stups, Inc. and Stuart Berk

F:\CLIENTS\Stups-Berk\Pleadings\Ex Parte re Evidence Opposition\Opposition to Ex Parte to Manual file Evidence.doc