JOHN J. WALLER, JR. (State Bar No. 094449)
JAY STEIN (State Bar No. 141042)
Members of
FINESTONE & RICHTER,
A Professional Corporation
11601 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
Telephone: (310) 575-0800
Facsimile: (310) 575-0170
E-Mail: jwaller@frlawcorp.com
jstein@frlawcorp.com

Attorneys for Defendants
Stups, Inc. and Stuart Berk

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAIL BOXES ETC., INC.,<br><br>Plaintiff,<br><br>vs.<br><br>STUPS, INC. and STUART BERK,<br><br>Defendants. | Case No.: 3:08-CV-00491-JAH-POR<br><br>**Defendants' Verified Answer to Plaintiff's Verified Complaint**<br><br>**(Jury Trial Demanded)** |

Defendants Stups, Inc. ("STUPS") and Stuart Berk ("BERK") (collectively, "DEFENDANTS"), by and through their counsel of record herein, hereby answer the Verified Complaint ("Complaint") filed by Plaintiff Mail Boxes Etc., Inc. ("MBE" or "PLAINTIFF"), as follows:

**INTRODUCTION**

1. Answering paragraph 1 of the Complaint, DEFENDANTS admit that STUPS entered into a written Franchise Agreement with MBE that established certain rights and obligations that govern the relationship between DEFENDANTS and MBE, that BERK personally guaranteed certain of STUPS' obligations to MBE under the Franchise Agreement, and that MBE on March 14, 2008, purported to terminate the Franchise Agreement. Except as expressly admitted, DEFENDANTS generally and specifically deny each and every remaining allegation contained in paragraph 1 of the Complaint.

**PARTIES**

2. Answering paragraph 2 of the Complaint, DEFENDANTS lack sufficient information or belief to admit or deny these allegations and, accordingly, generally and specifically deny each and every allegation contained in this paragraph.

3. Answering paragraph 3 of the Complaint, DEFENDANTS admit the allegations contained therein.

4. Answering paragraph 4 of the Complaint, DEFENDANTS admit the allegations contained therein.

**JURISDICTION AND VENUE**

5. Answering paragraph 5 of the Complaint, DEFENDANTS admit that Plaintiff purports to invoke this Court's jurisdiction on the bases alleged therein. However, DEFENDANTS generally and specifically deny that DEFENDANTS have committed any of the violations alleged in the Complaint upon which Plaintiff purports to invoke this Court's jurisdiction.

6. Answering paragraph 6 of the Complaint, DEFENDANTS admit that Plaintiff alleges that venue in this Court is proper on the bases alleged therein and that venue over disputes relating to the Franchise Agreement is proper in this Court. However, DEFENDANTS generally and specifically deny that venue with respect to disputes relating to the Non-Competition and Non-Solicitation Agreement, a copy of which is attached as Exhibit C to the Complaint, is proper in this Court.

**MBE'S FRANCHISED BUSINESS**

7. Answering paragraph 7 of the Complaint, DEFENDANTS admit that MBE, through its franchisees, currently offers the services identified in this paragraph. Except as expressly admitted, DEFENDANTS lack sufficient information or belief to admit or deny these allegations and, accordingly, generally and specifically deny each and every remaining allegation contained in this paragraph.

8. Answering paragraph 8 of the Complaint, DEFENDANTS admit that MBE grants franchisees at specific locations within exclusive territories, that it licenses certain of its intellectual property to its franchisees, and that it provides to its franchisees additional information and assistance regarding certain aspects of its method of conducting business operations. Except as expressly admitted, DEFENDANTS lack sufficient information or belief to admit or deny these allegations and, accordingly, generally and specifically deny each and every remaining allegation contained in this paragraph.

9. Answering paragraph 9 of the Complaint, DEFENDANTS

admit that MBE provides certain materials and information to its franchisees, including certain of its operating manuals, for the use of its franchisees. DEFENDANTS deny that all of the materials and information that MBE provided to DEFENDANTS was proprietary to MBE. Except as expressly admitted or denied, DEFENDANTS lack sufficient information or belief to admit or deny these allegations and, accordingly, generally and specifically deny each and every remaining allegation contained in this paragraph.

10. Answering paragraph 10 of the Complaint, DEFENDANTS admit the allegations contained therein as they relate to its franchise. Except as expressly admitted, DEFENDANTS lack sufficient information or belief to admit or deny these allegations and, accordingly, generally and specifically deny each and every remaining allegation contained in this paragraph.

11. Answering paragraph 11 of the Complaint, DEFENDANTS admit that MBE shared certain of the referenced information to DEFENDANTS through a limited amount of training and business support. DEFENDANTS deny that the amount of training and business support MBE provided to DEFENDANTS was sufficient for DEFENDANTS to operate their franchisee successfully. Except as expressly admitted or denied, DEFENDANTS lack sufficient information or belief to admit or deny these allegations and, accordingly, generally and specifically deny each and every remaining allegation contained in this paragraph.

12. Answering paragraph 12 of the Complaint, DEFENDANTS lack sufficient information or belief to admit or deny these allegations and, accordingly, generally and specifically deny

each and every allegation contained in this paragraph.

13. Answering paragraph 13 of the Complaint, DEFENDANTS deny that the operation of a business offering products and services that are similar to those offered by MBE's franchisees would necessarily cause customer confusion. Except as expressly denied, DEFENDANTS lack sufficient information or belief to admit or deny these allegations and, accordingly, generally and specifically deny each and every remaining allegation contained in this paragraph.

14. Answering paragraph 14 of the Complaint, DEFENDANTS lack sufficient information or belief to admit or deny these allegations and, accordingly, generally and specifically deny each and every allegation contained in this paragraph.

**STUPS' FRANCHISE AGREEMENT**

15. Answering paragraph 15 of the Complaint, DEFENDANTS admit that STUPS, on or about July 25, 2005, entered into a Franchise Agreement with MBE, that MBE granted STUPS a MBE franchise pursuant to that agreement, that its initial term was 10-years, and that it was located at the specified address. DEFENDANTS deny that the copy of the Franchise Agreement attached as Exhibit A is a complete copy of the referenced Franchise Agreement.

16. Answering paragraph 16 of the Complaint, DEFENDANTS admit the allegations contained therein.

17. Answering paragraph 17 of the Complaint, DEFENDANTS admit the allegations contained therein.

18. Answering paragraph 16 of the Complaint, DEFENDANTS admit that the Non-Competition and Non-Solicitation Agreement purports to impose the requirements alleged in this paragraph. However, DEFENDANTS deny both that the referenced post-term restrictions in the Non-Competition and Non-Solicitation Agreement are applicable to DEFENDANTS at this time and that they are lawful.

19. Answering paragraph 19 of the Complaint, DEFENDANTS admit that MBE provided DEFENDANTS with a variety of services and training. Except as expressly admitted, DEFENDANTS lack sufficient information or belief to admit or deny these allegations and, accordingly, generally and specifically deny each and every remaining allegation contained in this paragraph.

20. Answering paragraph 20 of the Complaint, DEFENDANTS admit the allegations contained therein.

21. Answering paragraph 21 of the Complaint, DEFENDANTS admit that the Franchise Agreement purports to impose the post-termination requirements alleged in this paragraph. However, DEFENDANTS deny that the referenced restrictions are applicable to DEFENDANTS at this time and that the provisions with respect to goodwill are lawful.

22. Answering paragraph 22 of the Complaint, DEFENDANTS admit the allegations contained therein.

23. Answering paragraph 23 of the Complaint, DEFENDANTS admit the allegations contained therein.

24. Answering paragraph 24 of the Complaint, DEFENDANTS admit the allegations contained therein.

25. Answering paragraph 25 of the Complaint, DEFENDANTS admit the allegations contained therein.

26. Answering paragraph 26 of the Complaint, DEFENDANTS admit the allegations contained therein.

27. Answering paragraph 27 of the Complaint, DEFENDANTS admit the allegations contained therein.

28. Answering paragraph 28 of the Complaint, DEFENDANTS admit that the Franchise Agreement purports to impose the post-termination requirements alleged in this paragraph. However, DEFENDANTS deny that the referenced restrictions are applicable to DEFENDANTS at this time.

29. Answering paragraph 29 of the Complaint, DEFENDANTS admit that the Franchise Agreement purports to impose the post-termination requirements alleged in this paragraph. However, DEFENDANTS deny that the referenced restrictions are applicable to DEFENDANTS at this time.

30. Answering paragraph 30 of the Complaint, DEFENDANTS admit that the Franchise Agreement purports to impose the post-termination requirements alleged in this paragraph. However, DEFENDANTS deny that the referenced restrictions are applicable to DEFENDANTS at this time.

31. Answering paragraph 31 of the Complaint, DEFENDANTS deny the allegations contained therein.

**STUPS' PURPORTED BREACH OF CONTRACT**

32. Answering paragraph 32 of the Complaint, DEFENDANTS deny the allegations contained therein.

33. Answering paragraph 33 of the Complaint, DEFENDANTS lack sufficient information or belief to admit or deny these allegations and, accordingly, generally and specifically deny each and every allegation contained in this paragraph.

34. Answering paragraph 34 of the Complaint, DEFENDANTS admit that BERK left a voicemail message with MBE at or about the indicated date in which he complained about the manner in which MBE was treating DEFENDANTS and their customers. DEFENDANTS deny that the voicemail message that BERK left with MBE was menacing or tyrannical. Except as expressly admitted or denied, DEFENDANTS lack sufficient information or belief to admit or deny these allegations and, accordingly, generally and specifically deny each and every remaining allegation contained in this paragraph.

35. Answering paragraph 35 of the Complaint, DEFENDANTS admit that BERK had a telephone conversation with a representative of MBE at or about the indicated date in which he complained about the manner in which MBE and UPS were treating DEFENDANTS and their customers, including UPS's having first inexplicably lost and ultimately damaged the customer's package. DEFENDANTS deny that they threatened to blow up or cause damage to any MBE or UPS facility or that they threatened anyone with physical harm.

36. Answering paragraph 36 of the Complaint, DEFENDANTS admit that BERK left a voicemail message with MBE at or about the indicated date in which he complained about the manner in which MBE was treating DEFENDANTS and their customers. DEFENDANTS deny that the voicemail message that BERK left with MBE was harassing

or overtly hostile. Except as expressly admitted or denied, DEFENDANTS lack sufficient information or belief to admit or deny these allegations and, accordingly, generally and specifically deny each and every remaining allegation contained in this paragraph.

37. Answering paragraph 37 of the Complaint, DEFENDANTS deny that they ever made any terrorist threats or any threats to do physical violence against MBE or UPS, or any of their agents or employees. Except as expressly admitted or denied, DEFENDANTS lack sufficient information or belief to admit or deny these allegations and, accordingly, generally and specifically deny each and every remaining allegation contained in this paragraph.

38. Answering paragraph 38 of the Complaint, DEFENDANTS admit that a representative of MBE delivered the referenced Notice of Termination to DEFENDANTS on March 13, 2008, that the purported Notice of Termination attached to the Complaint is a copy of what was delivered to DEFENDANTS, and that the Notice of Termination contains the threat to terminate STUPS referenced in this paragraph. DEFENDANTS deny both that MBE had proper grounds for terminating DEFENDANTS and that the purported Notice of Termination effected a termination of DEFENDANTS' franchise.

39. Answering paragraph 39 of the Complaint, DEFENDANTS admit the allegations contained therein.

40. Answering paragraph 40 of the Complaint, DEFENDANTS deny the allegations contained therein.

41. Answering paragraph 41 of the Complaint, DEFENDANTS deny the allegations contained therein.

42. Answering paragraph 42 of the Complaint, DEFENDANTS deny the allegations contained therein.

43. Answering paragraph 43 of the Complaint, DEFENDANTS admit that the Non-Competition and Non-Solicitation Agreement contains the referenced language and that DEFENDANTS signed that agreement. However, DEFENDANTS deny that the referenced provision is applicable to DEFENDANTS at this time.

44. Answering paragraph 44 of the Complaint, DEFENDANTS deny the allegations contained therein.

45. Answering paragraph 45 of the Complaint, DEFENDANTS deny the allegations contained therein.

**COUNT I**

**(Lanham Act – Purported Trademark Infringement)**

46. Answering paragraph 45 of the Complaint, DEFENDANTS incorporate by reference each and every prior response to the individual paragraphs of the Complaint referenced therein.

47. Answering paragraph 47 of the Complaint, DEFENDANTS deny the allegations contained therein.

48. Answering paragraph 48 of the Complaint, DEFENDANTS deny the allegations contained therein.

49. Answering paragraph 49 of the Complaint, DEFENDANTS deny the allegations contained therein.

50. Answering paragraph 50 of the Complaint, DEFENDANTS deny the allegations contained therein.

///

///

///

**COUNT II**

**(Lanham Act - Purported Unfair Competition)**

51. Answering paragraph 51 of the Complaint, DEFENDANTS incorporate by reference each and every prior response to the individual paragraphs of the Complaint referenced therein.

52. Answering paragraph 52 of the Complaint, DEFENDANTS deny the allegations contained therein.

53. Answering paragraph 53 of the Complaint, DEFENDANTS deny the allegations contained therein.

54. Answering paragraph 54 of the Complaint, DEFENDANTS deny the allegations contained therein.

55. Answering paragraph 55 of the Complaint, DEFENDANTS deny the allegations contained therein.

**COUNT III**

**(Lanham Act - Purported Anti-Dilution)**

56. Answering paragraph 56 of the Complaint, DEFENDANTS incorporate by reference each and every prior response to the individual paragraphs of the Complaint referenced therein.

57. Answering paragraph 57 of the Complaint, DEFENDANTS deny the allegations contained therein.

58. Answering paragraph 58 of the Complaint, DEFENDANTS deny the allegations contained therein.

59. Answering paragraph 59 of the Complaint, DEFENDANTS deny the allegations contained therein.

60. Answering paragraph 60 of the Complaint, DEFENDANTS deny the allegations contained therein.

**COUNT IV**

**(Purported Common Law Misappropriation)**

61. Answering paragraph 61 of the Complaint, DEFENDANTS incorporate by reference each and every prior response to the individual paragraphs of the Complaint referenced therein.

62. Answering paragraph 62 of the Complaint, DEFENDANTS lack sufficient information or belief to admit or deny these allegations and, accordingly, generally and specifically deny each and every allegation contained in this paragraph.

63. Answering paragraph 63 of the Complaint, DEFENDANTS deny the allegations contained therein.

64. Answering paragraph 64 of the Complaint, DEFENDANTS deny the allegations contained therein.

65. Answering paragraph 65 of the Complaint, DEFENDANTS deny the allegations contained therein.

**COUNT V**

**(Purported Common Law Trademark Infringement)**

66. Answering paragraph 66 of the Complaint, DEFENDANTS incorporate by reference each and every prior response to the individual paragraphs of the Complaint referenced therein.

67. Answering paragraph 67 of the Complaint, DEFENDANTS deny the allegations contained therein.

68. Answering paragraph 68 of the Complaint, DEFENDANTS deny the allegations contained therein.

69. Answering paragraph 69 of the Complaint, DEFENDANTS deny the allegations contained therein.

70. Answering paragraph 70 of the Complaint, DEFENDANTS deny the allegations contained therein.

71. Answering paragraph 71 of the Complaint, DEFENDANTS deny the allegations contained therein.

**COUNT VI**

**(Purported Common Law Unfair Competition)**

72. Answering paragraph 72 of the Complaint, DEFENDANTS incorporate by reference each and every prior response to the individual paragraphs of the Complaint referenced therein.

73. Answering paragraph 73 of the Complaint, DEFENDANTS deny the allegations contained in this paragraph.

74. Answering paragraph 74 of the Complaint, DEFENDANTS deny the allegations contained therein.

75. Answering paragraph 75 of the Complaint, DEFENDANTS deny the allegations contained therein.

76. Answering paragraph 76 of the Complaint, DEFENDANTS deny the allegations contained therein.

77. Answering paragraph 77 of the Complaint, DEFENDANTS deny the allegations contained therein.

78. Answering paragraph 78 of the Complaint, DEFENDANTS deny the allegations contained therein.

**COUNT VII**

**(Purported Breach of Contract)**

79. Answering paragraph 79 of the Complaint, DEFENDANTS incorporate by reference each and every prior response to the individual paragraphs of the Complaint referenced therein.

80. Answering paragraph 80 of the Complaint, DEFENDANTS deny the allegations contained in this paragraph.

81. Answering paragraph 81 of the Complaint, DEFENDANTS deny the allegations contained therein.

82. Answering paragraph 82 of the Complaint, DEFENDANTS deny the allegations contained therein.

83. Answering paragraph 83 of the Complaint, DEFENDANTS deny the allegations contained therein.

84. Answering paragraph 84 of the Complaint, DEFENDANTS deny the allegations contained therein.

**COUNT VIII**

**(Purported Breach of Contract)**

85. Answering paragraph 85 of the Complaint, DEFENDANTS incorporate by reference each and every prior response to the individual paragraphs of the Complaint referenced therein.

86. Answering paragraph 86 of the Complaint, DEFENDANTS deny the allegations contained in this paragraph.

87. Answering paragraph 87 of the Complaint, DEFENDANTS deny the allegations contained therein.

88. Answering paragraph 88 of the Complaint, DEFENDANTS deny the allegations contained therein.

**COUNT IX**

**(Purported Misappropriation of Trade Secrets)**

89. Answering paragraph 89 of the Complaint, DEFENDANTS incorporate by reference each and every prior response to the individual paragraphs of the Complaint referenced therein.

90. Answering paragraph 90 of the Complaint, DEFENDANTS deny the allegations contained in this paragraph.

91. Answering paragraph 91 of the Complaint, DEFENDANTS deny the allegations contained therein.

92. Answering paragraph 92 of the Complaint, DEFENDANTS deny the allegations contained therein.

93. Answering paragraph 93 of the Complaint, DEFENDANTS deny the allegations contained in this paragraph.

94. Answering paragraph 94 of the Complaint, DEFENDANTS deny the allegations contained therein.

95. Answering paragraph 95 of the Complaint, DEFENDANTS deny the allegations contained therein.

96. Answering paragraph 96 of the Complaint, DEFENDANTS deny the allegations contained in this paragraph.

97. Answering paragraph 97 of the Complaint, DEFENDANTS deny the allegations contained therein.

98. Answering paragraph 98 of the Complaint, DEFENDANTS deny the allegations contained therein.

99. Answering paragraph 99 of the Complaint, DEFENDANTS deny the allegations contained in this paragraph.

100. Answering paragraph 100 of the Complaint, DEFENDANTS deny the allegations contained therein.

## <u>COUNT X</u>

**(Purported Claim for Specific Performance)**

101. Answering paragraph 101 of the Complaint, DEFENDANTS incorporate by reference each and every prior response to the individual paragraphs of the Complaint referenced therein.

102. Answering paragraph 102 of the Complaint, DEFENDANTS admit that the Franchise Agreement is valid and enforceable, and further admit that the Non-Competition and Non-Solicitation Agreement is valid. DEFENDANTS deny that the necessary conditions to enforce the Non-Competition and Non-Solicitation Agreement have arisen and, therefore, deny that it is enforceable at this time.

103. Answering paragraph 103 of the Complaint, DEFENDANTS deny the allegations contained therein.

104. Answering paragraph 104 of the Complaint, DEFENDANTS admit that the Franchise Agreement contains the referenced language and that DEFENDANTS signed that agreement. However, DEFENDANTS deny that the referenced provision is applicable to DEFENDANTS at this time.

105. Answering paragraph 105 of the Complaint, DEFENDANTS deny the allegations contained in this paragraph.

106. Answering paragraph 106 of the Complaint, DEFENDANTS admit that the Non-Competition and Non-Solicitation Agreement contains the referenced language and that DEFENDANTS signed that agreement. However, DEFENDANTS deny that the referenced provision is applicable to DEFENDANTS at this time.

107. Answering paragraph 107 of the Complaint, DEFENDANTS deny the allegations contained therein.

108. Answering paragraph 108 of the Complaint, DEFENDANTS deny the allegations contained in this paragraph.

109. Answering paragraph 109 of the Complaint, DEFENDANTS deny the allegations contained therein.

110. Answering paragraph 110 of the Complaint, DEFENDANTS deny the allegations contained therein.

**COUNT XI**

**(Purported Conversion)**

111. Answering paragraph 111 of the Complaint, DEFENDANTS incorporate by reference each and every prior response to the individual paragraphs of the Complaint referenced therein.

112. Answering paragraph 112 of the Complaint, DEFENDANTS deny the allegations contained in this paragraph.

113. Answering paragraph 113 of the Complaint, DEFENDANTS deny the allegations contained therein.

114. Answering paragraph 114 of the Complaint, DEFENDANTS deny the allegations contained in this paragraph.

**SEPARATE AND ADDITIONAL DEFENSES**

DEFENDANTS hereby allege as separate, distinct and additional defenses to the purported claims for relief against them set forth in the Complaint, as follows:

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to State a Claim Upon Which Relief can be Granted)**

The Complaint, and each separate claim for relief asserted therein, fails to state facts sufficient to state a claim upon which relief can be granted against either of the DEFENDANTS.

**SECOND SEPARATE AND ADDITIONAL DEFENSES**

**(Express License)**

Without admitting any liability whatsoever for any of the purported claims asserted by PLAINTIFF, DEFENDANTS allege that PLAINTIFF is barred from asserting that either of the DEFENDANTS has infringed any of PLAINTIFF's alleged trademark or other intellectual property rights because, to the extent such rights exist, DEFENDANTS licensed such rights to DEFENDANTS in connection with entering into the Franchise Agreement.

**THIRD SEPARATE AND ADDITIONAL DEFENSES**

**(Consent)**

Without admitting any liability whatsoever for any of the purported claims asserted by PLAINTIFF, DEFENDANTS allege that PLAINTIFF is barred from asserting that either of the DEFENDANTS has infringed or is infringing any of PLAINTIFF's alleged trademark or other intellectual property rights because, to the extent such rights exist, by entering into the Franchise Agreement PLAINTIFF consented to DEFENDANTS' use of such rights.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Estoppel)**

Without admitting any liability whatsoever for any of the purported claims asserted by PLAINTIFF, DEFENDANTS allege that PLAINTIFF is estopped to assert that either of the DEFENDANTS has infringed any of PLAINTIFF's alleged trademark or other intellectual property rights because, to the extent such rights exist, by entering into the Franchise Agreement PLAINTIFF

authorized DEFENDANTS' to use such rights.

**FIFTH SEPARATE AND ADDITIONAL DEFENSES**

**(Absence of Damages)**

Without admitting any liability whatsoever for any of the purported claims asserted by PLAINTIFF, DEFENDANTS allege that PLAINTIFF has not sustained any injury or damages as a result of any of the purported actions and omissions by either of the DEFENDANTS alleged in the Complaint, and, therefore, that PLAINTIFF is not entitled to any relief from either of the DEFENDANTS for any of their purported damages or injuries alleged in the Complaint.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

**(Plaintiff's Damages are Speculative)**

DEFENDANTS allege, without admitting any liability whatsoever, that the damages sought by PLAINTIFF in its Complaint, and each separate claim for relief asserted therein, are speculative and, therefore, PLAINTIFF is not entitled to recover anything from either of the DEFENDANTS on the Complaint or any of its separate claims for relief.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to Mitigate Damages)**

DEFENDANTS allege, without admitting any liability whatsoever, that to the extent PLAINTIFF has sustained any damages as a result of any purported action or omission by either of the DEFENDANTS, that PLAINTIFF has failed to take

reasonable measures to mitigate its alleged damages, if any, and, therefore, PLAINTIFF is barred from recovering anything from either of the DEFENDANTS on its Complaint or any of its separate claims for relief.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

**(Privilege and Justification)**

DEFENDANTS allege, without admitting any liability whatsoever, that to the extent PLAINTIFF has sustained any injury or damages, that the actions by DEFENDANTS alleged in the Complaint were each privileged and justified and cannot form the basis for any claim against DEFENDANTS.

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

**(Waiver)**

Without admitting any liability whatsoever for any of the purported claims asserted by PLAINTIFF, DEFENDANTS allege that PLAINTIFF has waived its right, if any, to assert that any alleged act or omission by either of the DEFENDANTS alleged in the Complaint constitutes a proper basis to terminate DEFENDANTS' MBE franchise.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unclean Hands)**

Without admitting any liability whatsoever for any of the purported claims asserted by PLAINTIFF, DEFENDANTS allege that PLAINTIFF has engaged in unethical and/or unconscionable acts and/or practices with respect to the DEFENDANTS, and has done so

in bad faith and with a conscious disregard for DEFENDANTS' rights. As a result, PLAINTIFF has unclean hands that bar it from seeking equitable relief against the DEFENDANTS, including, but not limited to, asserting that any alleged act or omission by either of the DEFENDANTS alleged in the Complaint constitutes a proper basis to terminate DEFENDANTS' MBE franchise.

DATED: March 28, 2008

JOHN J. WALLER, JR.
JAY STEIN
FINESTONE & RICHTER

By______________________
John J. Waller, Jr.

Attorneys for Defendants
Stups, Inc. and Stuart Berk

**DEMAND FOR JURY TRIAL**

Demand for trial by jury is hereby made as provided for in Rule 38(b) of the Federal Rules of Civil Procedure, and as specified by the Local Rule of Practice for the United States District Court for the Southern District of California.

DATED: March 28, 2008

JOHN J. WALLER, JR.
JAY STEIN
FINESTONE & RICHTER

By______________________
John J. Waller, Jr.

Attorneys for Defendants
Stups, Inc. and Stuart Berk

F:\CLIENTS\Stups-Berk\Caption.doc

# VERIFICATION

STATE OF CALIFORNIA )
)SS:
COUNTY OF SAN DIEGO )

I, Stuart Berk, declare:

That I am a party to this action. I am also the President of Stups, Inc., which is also a party to this action and am authorized to make this verification for and on its behalf. I make this verification in both capacities. I have read the foregoing Defendants' Verified Answer to Plaintiff's Verified Complaint and am informed and believe, and on that basis allege, that the matters stated in the Verified Answer are true.

I declare under penalty of perjury that the above is true and correct.

Executed this 28 day of March, 2008, at Bellemore, New York.

Stuart Berk



TOTAL P.025