JOHN J. WALLER, JR. (State Bar No. 094449)
JAY STEIN (State Bar No. 141042)
Members of
FINESTONE & RICHTER,
A Professional Corporation
11601 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
Telephone: (310) 575-0800
Facsimile: (310) 575-0170
E-Mail: jwaller@frlawcorp.com
jstein@frlawcorp.com

Attorneys for Defendants
Stups, Inc. and Stuart Berk

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAIL BOXES ETC., INC.,<br><br>Plaintiff,<br><br>vs.<br><br>STUPS, INC. and STUART BERK,<br><br>Defendants. | Case No.: 3:08-CV-00491-JAH- POR<br><br>**DEFENDANTS STUPS, INC, AND BERK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF MAIL BOXES ETC., INC.'S COMPLAINT**<br><br>Date: TBD<br>Time: TBD<br>Judge: Hon. John A. Houston<br>Place: Courtroom 11 |

**I.**

**SUMMARY OF THE ISSUES PRESENTED**

Defendants Stups, Inc. and Stuart Berk move this Court for dismissal of Plaintiff Mail Boxes Etc., Inc.'s Complaint

pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b). In particular, Defendants seek dismissal as follows:

1. Under FRCP 12(b)(6), Plaintiff's Lanham Act claims fail to state a claim upon which relief can be granted because the face of Plaintiff's Verified Complaint establishes that MBE unlawfully purported to terminate Stups' franchise rights, thereby not entitling Plaintiff to any post-termination rights, including relief under the Lanham Act.

2. Pursuant to FRCP 12(b)(1), this Court lacks subject matter jurisdiction because, given the defect of the Lanham Act claims, inasmuch as the parties' franchise agreement vests original jurisdiction of the non-trademark disputes with the American Arbitration Association.

3. Under FRCP 12(b)(3) and (6), Plaintiff's claims for relief under the parties' Non-competition and Non-disclosure Agreement are not actionable because there has been no predicate termination of the franchise, and because this Court is not the proper venue for enforcement of that agreement, according to the terms of the agreement.

## II.

## THE UNDERLYING FACTS REQUIRING DISMISSAL.

In July 2005, Counter-defendant Mail Boxes Etc., Inc. ("MBE") entered into a franchise agreement with Counter-claimant Stups, Inc. ("Stups") with respect to the establishment and operation of a private mailbox, packaging and shipping store located within a designated territory in Nasau County, New York (hereinafter referred to as the "Franchise Agreement"). (Complaint, ¶ 15, and Ex. "A")

Paragraph 12.2 of the Franchise Agreement requires MBE to terminate the Franchise Agreement only for "cause." Section 12.2 restricts MBE's right to terminate the Agreement to termination "only for 'cause.'" Section 12.3 requires MBE to give 30 days written notice and opportunity to cure any default under the Agreement, other than certain limited items of default listed in Section 12.4.

On March 13, 2008, MBE served upon Stups a letter purported to terminate Stups' franchise. (Complaint, ¶ 38 and Ex. "D")

MBE's Termination Letter cites a clause of Section 12.4(k) as the grounds for MBE's purported termination without notice or opportunity to cure, that Stups has taken action that "reflects materially and unfavorably upon the operation and reputation of the Center" (the "Reputation Clause"). The actions that MBE's Termination Letter identifies as violating that clause consist exclusively of conversations and voicemail messages to MBE/UPS personnel which MBE characterizes as being "offensive and profane." However, the Termination Letter cites only internal MBE communications and no public act and no statements to third parties allegedly taken or made by Stups that have injured MBE's "reputation."

Section 20.2(a) of the Franchise Agreement confers to the American Arbitration Association original jurisdiction over "any controversy or claim arising out of or related to the Franchise Agreement," other than for "infringement of federally protected intellectual property rights,". per Section 20.2(b).

The Non-competition and Non-solicitation Agreement sought to be enforced by Plaintiff's Verified Complaint and which is

attached as Exhibit "C" to the complaint and also is Exhibit "D" to the Franchise Agreement, sets forth in Paragraph 10 that "the exclusive venue and jurisdiction for any suit arising out of this Agreement shall lie within the federal or state courts located in the State where the Center [franchise store] . . is located." Paragraph 20.1.a. of the Franchise Agreement also carves out that jurisdictional and venue exception for the Non-competition and Non-solicitation Agreement. The Franchise Agreement identifies the location of the Center to be in East Meadow, New York.

III.

**PLAINTIFF'S LANHAM ACT CLAIMS MUST BE DISMISSED.**

Under FRCP 12(b)(6), Plaintiff MBE's Lanham Act claims fail to state a claim upon which relief can be granted.

In order to avail itself of relief for trademark infringement and other post-franchise termination claims and remedies, Plaintiff must first establish that it lawfully terminated Stups' franchise and that it did so within the constraints of the parties' franchise agreement.

The face of the Verified Complaint, however, establishes that MBE did not terminate Stups' franchise lawfully. Because no public act or disparaging statement to third parties is cited in the Termination Letter as the action in violation of the Reputation Clause, even if the statements set forth in that letter are true, *arguendo*, none of those actions or statements run afoul of the Franchise Agreement's Reputation Clause. As a result, even if Defendant's conduct was in violation of the Franchise Agreement in some other way, Plaintiff would have had

to have given Defendants notice of that breach and an opportunity to cure it. Having admittedly not done so, there has been no termination. Absent a proper termination, there are no post-termination claims Plaintiff can make or relief it can seek.

## IV.

## **PLAINTIFF'S CONTRACT CLAIMS MUST BE DISMISSED AS NOT PROPERLY BEFORE THE COURT.**

Pursuant to FRCP 12(b)(1), this Court lacks subject matter jurisdiction because, given the defect of the Lanham Act claims discussed above, inasmuch as the Franchise Agreement vests original jurisdiction of the non-trademark disputes with the American Arbitration Association.

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) motion first. [Ramming v. United States (5th Cir. 2001) 281 F3d 158, 161].

Plaintiff always bears the burden of establishing subject matter jurisdiction. The court presumes lack of jurisdiction until Plaintiff proved otherwise. [Kokkonen v. Guardian Life Ins. Co. of America (1994) 511 US 375, 114 S.Ct. 1673, 1675; Stock West, Inc. v. Confederated Tribes of the Colville Reservation (9th Cir. 1989) 873 F2d 1221, 1225]

As the Verified Complaint fails to establish that the dispute was first submitted to the American Arbitration Association as required by the Franchise Agreement, and, moreover, it affirmatively alleges in Paragraph 1 that jurisdiction is with the Federal District Court by reason of the

trademark infringement claims, the non-trademark claims remaining after the dismissal of the post-termination trademark claims are subject to being submitted first to the American Arbitration Association.

V.

**THIS COURT LACKS JURISDICTION AND VENUE IN THIS COURT IS IMPROPER WITH RESPECT TO PLAINTIFF'S NON-COMPETITION AGREEMENT CLAIMS SUCH CLAIMS ALSO FAIL TO STATE A CAUSE OF ACTION.**

Pursuant to FRCP 12(b)(3) and (6), Plaintiff's claims for relief under the parties' Non-competition and Non-disclosure Agreement must be dismissed.

The Verified Complaint and both the Franchise Agreement and the Non-competiton Agreement attached as exhibits thereto expressly provide that the exclusive jurisdiction and venue for disputes arising from that agreement shall be in New York.

28 U.S.C. § 1406(a) provides that:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Plaintiff has the burden to prove proper venue once it is challenged. See Bartholomew v. Virginia Chiropractors Ass'n (4th Cir. 1979) 612 F.2d 812, 816).

Moreover, the Non-competition Agreement claims fail to state a cause of action upon which relief may be granted insofar as the Verified Complaint reveals that there has been the required condition precedent that Stups' franchise rights have

been properly terminated. Without a lawfully termination of the Franchise Agreement, the post-termination issues that are the entire subject of the Non-competition Agreement are not claims which the Court may grant relief. Accordingly, those claims must be dismissed.

## VI.

## DISMISSAL OF THE COMPLAINT IS REQUESTED.

Plaintiff's entire basis for petitioning this Court with its Complaint is predicated upon the assumption that Plaintiff lawfully terminated Defendant Stups' franchise. However, the face of Plaintiff's Verified Complaint reveals that it has not. Failing in that critical prerequisite, Plaintiff is unable to state a claim for which relief may be granted by this Court. And, the face of the Verified Complaint reflects the lack of lack of proper jurisdiction in this Court, and as to the Non-competition Agreement, that venue is likewise improper.

DATED: March 28, 2008

JOHN J. WALLER, JR.
JAY STEIN
FINESTONE & RICHTER

By ______________________
Jay Stein

Attorneys for Defendants
Stups, Inc. and Stuart Berk

F:\CLIENTS\Stups-Berk\Pleadings\Motion to Dismiss\Motion to Dismiss.2.doc