PAUL A. REYNOLDS (Bar No. 179656)
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

SAMUEL B. ISAACSON (*Admitted Pro Hac Vice*)
PETER M. ELLIS (*Admitted Pro Hac Vice*)
DLA PIPER US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60610
Tel: 312.368.4000
Fax: 312.236.7516

Attorneys for Plaintiff
**Mail Boxes Etc., Inc.**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**MAIL BOXES ETC., INC.,**

**Plaintiff,**

**v.**

**STUPS, INC. and STUART BERK,**

**Defendants.**

Case No. 3:08-CV-00491-JAH-POR

**PLAINTIFF MAIL BOXES ETC., INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Date: To Be Determined
Time: To Be Determined
Judge: Hon. John A. Houston
Place: Courtroom 11

**ORAL ARGUMENT REQUESTED**

## I. INTRODUCTION

Plaintiff Mail Boxes Etc., Inc. (MBE) is seeking leave to file an amended complaint adding United Parcel Service of America, Inc. ("UPS") as a co-plaintiff. The trademarks that form the basis of many of the claims in this lawsuit are owned and registered by UPS and licensed to MBE, a UPS subsidiary. UPS desires to become a party to this action so that its own rights to enjoin defendants' unauthorized use of the marks can be adjudicated concurrently with MBE's.

This matter has only just been initiated—the Complaint was filed less than three weeks ago and no discovery has occurred; indeed, had Defendants not answered well before they were required to, MBE would not even need to seek leave to amend the complaint. Because this motion is made at the very outset of the case, and before any substantive rulings in the case, it is timely and in no manner will prejudice the defendants' interests. The law's policy of liberally allowing amendments to pleadings mandates that leave be granted in this instance.

## II. THE COURT SHOULD GRANT LEAVE TO FILE THE PROPOSED FIRST AMENDED COMPLAINT

### A. Legal Standard

Federal Rule of Civil Procedure 15(a) provides in pertinent part:

> A party may amend the party's pleading as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires*.

Rule 15(a) provides that leave to amend shall be freely given where justice so requires. Following the Supreme Court's instructions to "heed carefully the command of Rule 15(a), *Howrey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973), *citing Foman v. Davis*, 371 U.S. 178, 192 (1962), the Ninth Circuit has repeatedly emphasized that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), *quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted).

The United States Supreme Court in *Foman* listed several narrow factors which may justify denying leave to amend: undue delay[1], bad faith or dilatory motive, futility of amendment, and undue prejudice to the opposing party by virtue of allowance of the amendment. *Foman*, 371 U.S. at 192; *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).The overriding concern is whether there will be any prejudice to the opposing party. *Southwest Marince, Inc. v. Campbell Industries,* 616 F.Supp. 253 (S.D. Cal. 1985), *rev'd on other grounds*, 796 F.2d 291 (9th Cir. 1986). The test is whether allowing the amendment would produce a "grave injustice" to the opposing party. *Patton v. Guyer*, 443 F.3d 79, 86 (10th Cir. 1971). Applying these principles, leave to file the proposed First Amended Complaint should be granted.

### B. Justice Requires Granting MBE Leave to Amend.

This action has been brought by MBE to enforce its rights as a licensee in trademarks owned and registered by its parent, UPS. UPS desires to be added as a party to ensure that all interested parties are present in this action and that its own rights will be enforced. The proposed First Amended Complaint accordingly adds UPS as a party. Because this case is still in its initial stages, because none of the other parties to this action have propounded or conducted any discovery, and because the proposed amendments do not change the gravamen of the complaint, defendants could not possibly be prejudiced in any way by the proposed amendment. Certainly, allowing the amendments could not work a "grave injustice" to defendants. As set forth above, leave to amend is to be freely given, and should be freely given here. *Howrey*, 481 F.2d at 1190.

## III. CONCLUSION

MBE requests that the Court grant it leave to file the proposed Verified First Amended Complaint

[1] Mere delay alone is not sufficient grounds to deny leave to amend. *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

Dated: April 4, 2008

DLA PIPER US LLP

By /s/ Paul A. Reynolds
PAUL A. REYNOLDS
Attorneys for Plaintiffs
Mail Boxes Etc., Inc.
paul.reynolds@dlapiper.com