PAUL A. REYNOLDS (Bar No. 179656)
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

SAMUEL B. ISAACSON (*Admitted Pro Hac Vice*)
PETER M. ELLIS (*Admitted Pro Hac Vice*)
DLA PIPER US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60610
Tel: 312.368.4000
Fax: 312.236.7516

Attorneys for Plaintiff
**MAIL BOXES ETC., INC.**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MAIL BOXES ETC., INC.,** | CV NO. 3:08-CV-00491-JAH-POR |
| **Plaintiff,** | |
| **v.** | **DECLARATION OF JEFF MALECKI** |
| **STUPS, INC. and STUART BERK,** | Date: April 11, 2008 |
| **Defendants.** | Time: 9:30 am<br>Judge: Hon. John A. Houston<br>Place: Courtroom 11 |

I, Jeff Malecki, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of 18. I have personal knowledge of the matters set forth below and can competently testify to them if and when called upon to do so.

2. I am employed by United Parcel Service of America, Inc. ("UPS") as an Account Executive. Among my other duties, I am responsible for the nine franchisees of Mail Boxes Etc., Inc. ("MBE") operating under "The UPS Store®" trade name in UPS's "Hicksville" territory of Nassau County. I have had that responsibility for about the last year-and-a-half.

3. Generally, my involvement with the nine MBE franchisees in my territory is relatively minimal. I make quarterly visits to each location, lasting about a half hour. In addition, about once or twice a quarter, I receive a telephonic or e-mail inquiry. However, my dealings with MBE franchise Center 5603 and its operator, Stuart Berk, were very much the exception to this rule. Mr. Berk was an incredibly demanding and troublesome franchisee, requiring weekly and twice-weekly contacts. Mr. Berk was so demanding that I ultimately withheld my contact information from him, and would instead have messages from Mr. Berk passed along to me. Otherwise, my voice mail and e-mail would have been overwhelmed.

4. Mr. Berk was prone to threatening to "expose" and belittle UPS during my visits to his store location. For example, he frequently would say that he was planning on contacting the investigative reporter at Channel 2 news (a local television station) so that they could document how UPS was "screwing" him. He made a similar threat to contact "Newsday," Long Island's major daily newspaper. At other times, Mr. Berk stated that he would place a damaged UPS box and leave it in the middle of his store so that customers would see the purportedly deficient nature of UPS's service.

5. Mr. Berk was also extremely belligerent in his dealings with my supervisors, who I brought to meet with Mr. Berk to try to help resolve the problems I was experiencing in dealing with him. After I visited Mr. Berk at his store with my direct supervisor, Pamela Zioro, Mr. Berk told me that Ms. Zioro was now "banned" from the store – and that he would call the police if she ever came back. Mr. Berk made the same threat against another supervisor, Ed Diorio.

6. I found Mr. Berk to be extremely unprofessional and extraordinarily difficult to

deal with and his actions were disruptive to my job performance.

7. I am aware that in late February 2008, Mr. Berk reportedly made a threat to "blow up" a UPS distribution center in Hicksville, New York.

8. Based upon Mr. Berk's outrageous course of behavior, I would strongly object to ever again having to have business dealings with him.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of April, 2008 in Melville, New York.

Jeffrey Malecki

Jeff Malecki