PAUL A. REYNOLDS (Bar No. 179656)
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

SAMUEL B. ISAACSON (*Admitted Pro Hac Vice*)
PETER M. ELLIS (*Admitted Pro Hac Vice*)
DLA PIPER US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60610
Tel: 312.368.4000
Fax: 312.236.7516

Attorneys for Plaintiff
**MAIL BOXES ETC., INC.**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MAIL BOXES ETC., INC.,**<br>**Plaintiff,**<br>**v.**<br>**STUPS, INC. and STUART BERK,**<br>**Defendants.** | CV NO. 3:08-CV-00491-JAH-POR<br><br>**DECLARATION OF ED DIORIO**<br>Date: April 11, 2008<br>Time: 9:30 am<br>Judge: Hon. John A. Houston<br>Place: Courtroom 11 |

I, Ed Diorio, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am over the age of 18. I have personal knowledge of the matters set forth below and can competently testify to them if and when called upon to do so.

2. I am employed by United Parcel Service of America, Inc. ("UPS") as a Sales Support Manager. Jeff Malecki, a Sale Support Rep at UPS, is responsible for the nine franchisees of Mail Boxes Etc, Inc. ("MBE") operating under "The UPS Store®" trade name in UPS's "Hicksville" territory of Nassau County. Mr. Malecki reports to Pamela Ziolo, who

reports to me.

3. Mr. Malecki and Ms. Ziolo frequently came to me to discuss their dealings with franchisee Stuart Berk, particularly in responding to his purported complaints about UPS's service. Indeed, I had to deal with Mr. Berk's complaints well more than those of any other franchisee, to the point where I often felt that my other work was being disrupted. Mr. Berk also was in the habit of harassing any number of UPS employees whenever he had a problem and demanding immediate attention.

4. I visited Mr. Berk's store about a dozen times in the past year to try to resolve his issues. During one visit, Mr. Berk told me that he was planning on putting a supposedly damaged shipping item in the middle of his store so that his customers could see what UPS had "done to him." I was later told that Mr. Berk had "banned" me from his store and that he would call the police if I tried to visit the location.

5. Mr. Berk's actions were extremely disruptive to my work.

6. I am aware that in late February 2008, Mr. Berk reportedly made a threat to "blow up" a UPS distribution center in Uniondale, New York.

7. Due to Mr. Berk's outlandish course conduct, I would strenuously object to ever again having to deal with him in any business setting.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of April, 2008 in Melville, New York.

Ed Diorio

Ed Diorio