JOHN J. WALLER, JR. (State Bar No. 094449)
JAY STEIN (State Bar No. 141042)
Members of
FINESTONE & RICHTER,
A Professional Corporation
11601 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
Telephone: (310) 575-0800
Facsimile: (310) 575-0170
E-Mail: jwaller@frlawcorp.com
jstein@frlawcorp.com

Attorneys for Defendant Stuart Berk
and Defendant/Counter-Claimant Stups, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAIL BOXES ETC., INC.,<br><br>Plaintiff,<br><br>v.<br><br>STUPS, INC. and STUART BERK,<br><br>Defendants.<br>___<br>STUPS, INC.<br><br>Counter-Claimant,<br><br>v.<br><br>MAIL BOXES ETC., INC.,<br><br>Counter-Defendant. | Case No.: 3:08-CV-00491-JAH-POR<br><br>**OBJECTIONS BY DEFENDANTS AND COUNTER-CLAIMANTS TO FORM OF PROPOSED ORDERS:**<br><br>**1) GRANTING PRELIMINARY INJUNCTION REQUESTED BY MAIL BOXES ETC.; and**<br>**2) DENYING PRELIMINARY INJUNCTION REQUESTED BY STUPS AND BERK.** |

Defendant and Counter-Claimant Stups, Inc. and Defendant Stuart Berk hereby submit their objections to the form of the proposed orders submitted by Mail Boxes Etc. granting the preliminary injunction requested by Mail Boxes Etc., Inc. and denying the preliminary injunction requested by Stups, Inc. and Stuart Berk. For the reasons stated herein, Stups, Inc. and Stuart Berk respectfully request that the Court enter the alternative form for said orders submitted herewith.

## I
## THE FORM OF THE PROPOSED ORDERS SUBMITTED BY MAIL BOXES ETC. CONTAIN NUMEROUS FACTUAL FINDINGS AND LEGAL CITATIONS THAT ARE NOT NECESSARY OR APPROPRIATE TO BE INCLUDED IN THE ORDERS

Rule 52(a)(2) of the Federal Rules of Civil Procedure provides that "in granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action." In preparing the proposed orders granting the preliminary injunction requested by Mail Boxes Etc., Inc. and denying the preliminary injunction requested by Stups, Inc., Mail Boxes Etc. has gone well beyond that simple requirement. Specifically, in an attempt to gain a tactical advantage, Mail Boxes Etc. has sought to include in its proposed orders numerous factual and legal findings that are neither necessary or appropriate to document the Court's announced findings with respect to both preliminary injunctions. Furthermore, many of the proposed findings of fact and law were not made by the Court at or in connection with the April 11,

2008 hearing and embellish the record in favor of Mail Boxes Etc. without any basis.

At the outset, it is important to note that the findings of law and fact made by the Court at or in connection with the April 11, 2008 hearing are in fact preliminary and are not binding adjudications for the life of this litigation. (*See, e.g.*, *University of Texas v. Carmenisch*, 451 U.S. 390 (1981); *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007) "findings were made before discovery [is] completed and before the evidence [is] fully developed at trial" are not binding in later stages of the proceedings.) Nevertheless, there is no reason to confuse the record by including finds that were not actually made by the Court in ruling on either application.

Analyzed under the traditional test set forth in *Southeast Alaska Conservation Council v. United States Army Corps of Engineers*, 472 F.3d 1097, 1100 (9th Cir. 2006), the moving party must show: "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury . . . if preliminary relief is not granted; (3) a balance of hardships favoring the [moving party]; and (4) advancement of the public interest (in certain cases)." Analyzed under the alternative test set forth in *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 602 (9th Cir. 1991), the moving party must show: "(1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply

in its favor." Accordingly, those are the primary facts about which findings are appropriate. Anything else is surplusage that should not be included in the Court's orders.

In reviewing the alternative forms for each of the proposed orders, the Court should keep both of the foregoing matters in mind. Because the form of proposed orders submitted concurrently herewith by Stups, Inc. and Stuart Berk accurately reflect what the Court ordered on April 11, 2008, and do not improperly embellish or overstate the Court's findings, Stups, Inc. and Stuart Berk respectfully submit that those are the forms of the orders that should be entered by the Court to document its rulings.

DATED: April 21, 2008

Respectfully submitted,

FINESTONE & RICHTER

By ______________________
John J. Waller, Jr.

Attorneys for Defendants and Counter-Claimants Stups, Inc. and Stuart Berk

# PROOF OF SERVICE
## 1013 CCP

**STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES**

I am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 11601 Wilshire Boulevard, Suite 1900, Los Angeles, California 90025.

On April 21, 2008, I served true copies of the following document(s) described as **OBJECTIONS BY DEFENDANTS AND COUNTER-CLAIMANTS TO FORM OF PROPOSED ORDERS** in this action to each party addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ] (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

[X] (BY ELECTRONIC DELIVERY) I caused said document(s) to be transmitted in PDF format via electronic mail delivery to the addressee(s) at the appropriate e-mail address(es).

Executed on April 21, 2008, at Los Angeles, California.

[ ] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

______________________________
Cheryl Reynolds

**SERVICE LIST**

Paul A. Reynolds, Esq.
DLA Piper US, LLP
401 B Street
Suite 1700
San Diego, California 32101-4297
Facsimile: (619) 699-2701
E-Mail: paul.reynolds@dlapiper.com

Samuel B. Isaacson, Esq.
DLA Piper US, LLP
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60610
E-Mail: samuel.isaacson@dlapiper.com