JOHN J. WALLER, JR. (State Bar No. 094449)
JAY STEIN (State Bar No. 141042)
Members of
FINESTONE & RICHTER,
A Professional Corporation
11601 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025
Telephone: (310) 575-0800
Facsimile: (310) 575-0170
E-Mail: jwaller@frlawcorp.com
jstein@frlawcorp.com

FILED
MAY 28 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

Attorneys for Defendant/Counter-Claimant/Appellant Stups, Inc. and Defendant/Appellant Stuart Berk

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

BY FAX

| | |
|---|---|
| MAIL BOXES ETC., INC.,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>STUPS, INC. and STUART BERK,<br><br>Defendants/Appellants. | Case No.: 3:08-CV-00491-JAH-POR<br><br>**PRELIMINARY INJUNCTION APPEAL**<br><br>**DEFENDANT/COUNTER-CLAIMANT/ APPELLANT STUPS, INC. AND DEFENDANT/APPELLANT STUART BERK'S NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEAL FOR THE NINTH CIRCUIT** |
| STUPS, INC.<br><br>Counter-Claimant/ Appellant,<br><br>v.<br><br>MAIL BOXES ETC., INC.,<br><br>Counter-Defendant/ Respondent. | |



ORIGINAL

**TO THE CLERK OF THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**NOTICE IS HEREBY GIVEN** that Defendant/Counter-Claimant/Appellant Stups, Inc. and Defendant/Appellant Stuart Berk (collectively "Stups"), hereby appeal to the United States Court of Appeal for the Ninth Circuit from the entirety of the Order Granting Plaintiff's Motion for Preliminary Injunction and Denying Defendants' Motion for Preliminary Injunction ("Preliminary Injunction Order"), entered in this action on April 28, 2008.

A copy of the Preliminary Injunction Order appealed from is attached hereto and incorporated herein by this reference as Exhibit "A".

DATED: May 28, 2008

JOHN J. WALLER, JR.
JAY STEIN
FINESTONE & RICHTER

By [signature]
Jay Stein

Attorneys for Defendant/Counter-Claimant/Appellant Stups, Inc. and Defendant/Appellant Stuart Berk

F:\CLIENTS\Stups-Berk\Pleadings\APPEAL - PI\Notice of Appeal - PI.doc

**PROOF OF SERVICE**
**1013 CCP**

**STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES**

I am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 11601 Wilshire Boulevard, Suite 1900, Los Angeles, California 90025.

On, May 28, 2008, I served true copies of the following document(s) described as **DEFENDANT/COUNTER-CLAIMANT/APPELLANT STUPS, INC. AND DFENDANT/APPELLANT STUART BERK'S NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEAL FOR THE NINTH CIRCUIT** in this action to each party addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

[ ] (BY ELECTRONIC DELIVERY) I caused said document(s) to be transmitted in PDF format via electronic mail delivery to the addressee(s) at the appropriate e-mail address(es).

Executed on May 28, 2008, at Los Angeles, California.

[ ] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

AMY D. FERREIRA

**SERVICE LIST**

Paul A. Reynolds, Esq.
DLA Piper US, LLP
401 B Street
Suite 1700
San Diego, California 32101-4297
Facsimile: (619) 699-2701
E-Mail: paul.reynolds@dlapiper.com

Timothy Scott Blackford, Esq.
DLA Piper US, LLP
401 B Street
Suite 1700
San Diego, California 32101-4297
Facsimile: (619) 699-2701
E-Mail: tim.blackford@dlapiper.com

Samuel B. Isaacson, Esq.
DLA Piper US, LLP
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60610
Facsimile: (312) 251-5827
E-Mail: samuel.isaacson@dlapiper.com

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIL BOXES ETC., INC.,<br>Plaintiff,<br>v.<br>STUPS, INC. and STUART BERK,<br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Civil No.08cv0491 JAH (POR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [Doc. No. 4] AND DENYING DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION [Doc. No. 19]** |

On April 11, 2008, a hearing on Plaintiff/Counter-Defendant's motion for temporary restraining order and Defendants/Counter-Claimants' motion for temporary restraining order was held. Paul Reynolds and Samuel Isaacson appeared on behalf of Plaintiff/Counter-Defendant and Jay Stein appeared on behalf of Defendants/Counter-claimants. After careful consideration of the memoranda, declarations, relevant exhibits, and oral argument of counsel at the hearing, and for the reasons set forth below, this Court converts the motions to motions for preliminary injunction, and GRANTS Plaintiff's motion for preliminary injunction and DENIES Defendants motion for preliminary injunction.

**BACKGROUND**

On March 17, 2008, Plaintiff, Mail Boxes Etc. ("MBE"), a corporation organized and existing under the laws of state of Delaware with its principal place of business in San

Diego, California, filed a complaint for trademark infringement and breach of contract. Plaintiff alleges Defendants Stups, Inc., a New York corporation with its principal place of business in East Meadow, New York, was an MBE franchisee pursuant to a written agreement granting a limited license to use MBE's proprietary names and marks in connection with an authorized Mail Boxes Etc. center in East Meadow, New York. Complaint ¶¶ 1, 15. Stuart Berk personally guaranteed the performance of Stup's obligations as a franchisee and ran day-to-day operations at the center. Id. ¶¶ 16, 33. Plaintiff further alleges Berk used abusive and profane-laced language in communications with MBE and UPS personnel which escalated to threats of physical harm and property damage. Id. ¶¶ 33-36.[1] Based on the threats, Plaintiff hand-delivered written notice of material default and termination of the franchise agreement on March 13, 2008. Id. ¶ 38. Plaintiff alleges Stups continued to operate the center and the MBE marks after receiving the notice of termination. Id. ¶¶ 40, 44.

On March 18, 2008, Plaintiff filed a motion for temporary restraining order. Defendants filed an opposition and objections to declarations on March 24, 2008. On March 25, 2008, Plaintiff filed a reply, a response to Defendants' objections and an *ex parte* application to permit manual filing of an exhibit on March 25, 2008. Defendants filed an opposition to the application on March 28, 2008.

On Friday March 28, 2008, Defendants filed an answer and counterclaim, a motion to dismiss, and a motion for a temporary restraining order. In the counterclaim, Defendants/Counter-claimants seek relief for breach of contract and unfair competition. They allege they entered into a 10 year franchise agreement with MBE on July 25, 2008, in connection with a MBE franchise doing business as "The UPS Store" and Berk personally guaranteed Stups's obligations under the agreement. Counterclaim ¶ 6. Defendants also allege they initially paid approximately $150,000 between franchise fees and start-up costs and committed to paying franchise fees and other monies, and as part

[1]Plaintiff alleges Berk threatened to "blow up" a UPS Service Center and talked about a "major body count." Complaint ¶¶ 35, 36, 37.

of the franchise agreement, they were provided a license to portions of MBE's and UPS's intellectual property and access to their systems for transacting business. Id. ¶¶ 6, 7.

Defendants further allege MBE engaged in a pattern and practice of breaching its obligations under the franchise agreement and although Defendants complained about the breaches and poor treatment, they were unable to obtain a satisfactory resolution. Id. ¶¶ 9 - 13.[2] As a result, in January 2008, Defendants allege they discussed their desire to have MBE buy back the franchise. According to their allegations, MBE informed Berk there would be a meeting at the Stups store on March 13, 2008 to discuss a resolution. Id. ¶¶ 17, 18. Instead, MBE served a termination letter. Id. ¶ 18. Defendants further allege, notwithstanding ongoing negotiations between the parties prompted by the termination letter, MBE disabled Stups' access to the computer system. Id. ¶ 19. Defendants seeks damages, a preliminary and permanent injunction preventing MBE from terminating the franchise agreement, and a declaration that MBE does not have any grounds to terminate the franchise agreement without notice and opportunity to cure.

The parties appeared for the hearing on Plaintiff's motion for temporary restraining order on April 1, 2008. Finding Defendants' motion for a temporary restraining order involved issues identical to those of Plaintiff's motion, the Court continued the hearing on Plaintiff's motion, so the motions could be heard simultaneously. The Court also granted Plaintiff's request to file the exhibit manually and resolved Defendants' objections. Plaintiff was directed to file an opposition to Defendants' motion for temporary restraining order no later than 5:00 p.m. on April 4, 2008. Plaintiff filed their opposition on April 4, 2008 after 7:00 p.m. The parties appeared before this court for a hearing on April 11, 2008.

## LEGAL STANDARD

Preliminary injunction motions are governed by Federal Rule of Civil Procedure 65. A party seeking injunctive relief under Rule 65 must show either (1) a combination of

---

[2]Defendants include a long list of conduct by MBE which Defendants maintain demonstrate breaches of the agreement and their poor treatment. See Counterclaim ¶ 11.

probable success on the merits and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS, 306 F.3d 842, 873 (9th Cir. 2002); Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999); Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998). "'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" Roe, 134 F.3d at 1402 (citing United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992)); accord Sun Microsystems, 188 F.3d at 1119. "Thus, 'the greater the relative hardship to the moving party, the less probability of success must be shown.'" Sun Microsystems, 188 F.3d at 1119 (quoting National Ctr. for Immigrants Rights v. INS, 743 F.2d 1365, 1369 (9th Cir. 1984)). "In cases where the public interest is involved, the district court must also examine whether the public interest favors the plaintiff/petitioner." Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992) (citing Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988)).

## DISCUSSION

### I. Plaintiff's Motion

Plaintiff seeks a temporary restraining order enjoining Defendants, their servants, agents, employees and those working in concert with them from:

1. using or displaying MBE's trademarks or service marks or any logos, symbols or trade dress in connection with advertising, distribution or display for sale of any product or service;
2. making any statement or representation or performing any act likely to lead members of the public to believe that Defendants' store is associated or affiliated with MBE;
3. Taking any action that is likely to dilute the distinctive quality of MBE's registered MBE marks or otherwise taking action likely to disparage MBE's business reputation;

Case 3:08-cv-00491-JAH-POR Document 39 Filed 04/28/2008 Page 5 of 11

4. Otherwise infringing MBE's trademark, trade mark or service mark or otherwise competing unfairly.

Plaintiff further requests an order directing Defendants to file a report within ten days of entry of the Court's order setting forth how Defendants complied with the order.

A. Likelihood of Success on the merits

To demonstrate a likelihood of success on the merits of its trademark claim, Plaintiff must demonstrate Defendants continued use of the mark is unauthorized and is likely to cause confusion. See Paisa, Inc. v. N & G Auto, Inc. 928 F.Supp. 1009 (C.D.Cal. 1996); AT&T Corp. 1995 WL 476251 (S.D.Cal. 1995).

Plaintiff argues it has a strong probability of success on the merits of its action, because MBE has valid trademarks, MBE properly terminated the franchise agreement and Defendants' continued use of the trademarks at the same location is likely to cause confusion.

Defendants argue Plaintiff breached the franchise agreement by unilaterally terminating the agreement on improper grounds without notice and opportunity to cure. They maintain California law favors protecting franchisees from summary termination and the franchise agreement limits the grounds for termination of Defendants' rights. Therefore, they argue MBE's termination fails to comply with the law and the agreement, and the trademark protection issue that is the focus of MBE's motion for a temporary restraining order is not ripe for decision.

In reply, Plaintiff argues the propriety of the termination is not relevant to the Court's determination of whether an injunction should issue. Plaintiff further argues Defendant's contention that the termination was invalid is absurd, because it is clear Berk's outrageous conduct would have a devastating effect on the business relationship.

1. Whether Facts Surrounding the Termination May be Examined

The Court must first determine whether it may consider the issues surrounding MBE's termination of the agreement in addressing the motion for a preliminary injunction. There is no Ninth Circuit case on point. However, the Southern District of

California case cited by Plaintiff and the Third Circuit case relied upon by the court in that case provide guidance.

In AT&T Corp., 1995 WL 476251 (S.D.Cal. 1995), the district court granted the plaintiff's motion for preliminary injunction upon finding the plaintiff was likely to succeed on the merits of the infringement and unfair competition claims and there was a possibility of irreparable injury. Looking to the license agreement between the parties and the plaintiff's termination letter, the court found the agreement was terminated. The court also noted that the defendant's claims against the plaintiff for its conduct in relation to the termination were not sufficient to defeat the merits of the preliminary injunction. Id. at *6 (citing R&R Corp. v Jiffy Lube Intern., Inc., 968 F.2d 371, 377 (3rd Cir. 1992)).

The R&R Corp. case involved a breach of a trademark license agreement brought by a franchisee against the trademark owner and franchisor, Jiffy Lube and termination proceedings by Jiffy Lube. Jiffy Lube appealed the district court's denial of a motion for a preliminary injunction to stop the licensee's continued use of the its trademark following formal termination of the franchise agreement. The Third Circuit reasoned that a "franchisor has the power to terminate the relationship where the terms of the franchise agreement are violated. Once a franchise is terminated, the franchisor has the right to enjoin unauthorized use of its trademark." 968 F.2d at 375. Therefore, Jiffy Lube would be entitled to injunctive relief if it set forth facts indicating its termination of the franchise was proper. Id. The court found the franchisee failed to pay royalties, the agreement specifically provided that failure to pay royalties could result in termination and therefore, injunctive relief was warranted. Id. at 377.

Based on the reasoning of AT&T Corp. And R&R Corp., which this Court finds persuasive, Plaintiff's pre-termination conduct, namely its poor treatment of Defendants, is not relevant to Plaintiff's motion. However, whether the franchise agreement was properly terminated is pertinent to the issue of whether Plaintiff will succeed on the merits of its claim and it must be examined.

//

2. **Whether MBE Properly Terminated the Franchise Agreement**

According to the franchise agreement, MBE "has the right to terminate th[e] Agreement only for "cause." "Cause" is defined as a material breach of the agreement. Higginson Decl., Exh. A at 40. The agreement allows for termination with notice and opportunity to cure and in certain instances without notice or opportunity to cure. MBE may terminate without opportunity to cure when specific events occur. According to the termination letter, MBE terminated the agreement pursuant to section 12.4(k) of the agreement which permits MBE to terminate without notice if the franchisee "takes any action that reflects materially and unfavorably upon the operation and reputation of the Center at the Location or upon MBE's network of Centers generally. . ." Higgins Decl., Exh. A at 41; <u>see also</u> Notice of Termination Letter, Higgins, Exh. B at 61.

Defendant argues an action by Defendants could only violate Section 12.4(k) if the action was made known to or otherwise published by Defendants to an outside individual or entity. Defendants contend that, even if the statements attributed to Berk are true[3], they were not made to anyone outside the MBE/UPS organization, and as a result, the public reputation cannot have been injured.

The Court first finds Defendant interprets Section 12.4(k) too narrowly. The subject clause cannot be read to be limited to matters that impact MBE's public reputation. It is both a reputation and operation provision.

The Court finds Defendant made various verbal threats to MBE employees that "reflected materially and unfavorably upon the operation and reputation of the center at the location and upon MBE's network of centers generally.

This Court is persuaded the evidence demonstrates the following:

a. There is credible evidence in the record before this Court that as a result of Berk's repeated commercial threats seeking to coerce MBE to act in accordance with his wishes, the franchise relationship between MBE and Stups has been burdened with business and service related issues. Specifically Berk threatened to not process packages

[3]Berk maintains his statements were taken out of context.

dropped off at his store by other UPS customers until the return or refund of his customers' lost packages. Berk stated that he did not care about other UPS customers and threatened to put a hold on his UPS account.

b. On February 25 or 26, 2008, Berk called a customer service representative at the UPS Customer Service Center located in Newport News, Virginia, in order to locate a Stups customer's lost package. During that telephone call, Berk made the following statements: (1) that he is a very dangerous man; (2) that he had invested $300,000 in the Stups franchise and that he was not going to let his family "go down"; (3) a demand that UPS fire Jeff Malecki, a UPS sales representative; and (4) that he would "handle" Malecki as well. Berk failed to deny these statements in his declarations. The Court is persuaded that when the customer service representative informed Berk that UPS personnel were unable to locate the package at the Nassau Center, Berk threatened to "blow up" the Nassau Center unless the package was located.

c. After UPS security personnel contacted Berk regarding his threats, Berk called a MBE district consultant for his region and left him a voicemail message. In that voicemail message, Berk did not retract his threatening statement to the customer service representative or attempt to explain the alleged threat was a misunderstanding. Instead, Berk merely characterized the UPS security investigation as premised upon false accusations and then, in essence, repeated his threat: "They want to play the game, I'm not playing anymore. I'm going my way and hopefully there won't be a major body count. Give me a call cause as it was said First Blood, it's not over until I say it's over."

d. In the aftermath of Berk's threats, MBE and UPS had to dedicate substantial resources to investigating Berk's misconduct and implemented specific security protocols to address the threat posed by Berk. Furthermore, Berk's threats have left MBE and UPS employees fearful of working with him and have undermined the Stups franchise's reputation for integrity and moral character in the MBE and UPS workplace communities.

The threats and tome of the messages left by Berk also undermined the franchise relationship and jeopardized the integrity of the ongoing operations of the overall

franchise network of centers. The Court finds these facts fall squarely within those contemplated by the unilateral termination provision and strongly suggest Plaintiff's notice of termination based upon Berk's conduct properly terminated the agreement.

Accordingly, Defendants' continued use of the MBE and UPS marks is unauthorized and is likely to cause confusion. Plaintiff, therefore, demonstrates a likelihood of success on the merits of its trademark infringement claim.

**B. Irreparable Injury and Balance of Hardships**

Because Plaintiff demonstrates a likelihood on the merits of its trademark claim, irreparable harm is presumed. See El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1038 (9th Cir. 2003) (citing to GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1205 n.4 (9th Cir. 2000)).

Accordingly, Plaintiff's motion for preliminary injunction is **GRANTED.**[4]

**II. Defendants' Motion**

Defendants/counter-claimants seek a temporary restraining order preventing MBE from "doing any act or omission which interferes with Stup's franchise and license rights and benefits as set forth in, and resulting from, the parties' Franchise Agreement executed on July 6, 2005 and July 25, 2005." Motion at 2. Because this Court finds Plaintiff terminated the franchise agreement according to the terms of the agreement and Plaintiff is entitled to relief, Defendants' motion is **DENIED** as moot.

Even if Plaintiff was not entitled to a preliminary injunction, the Court finds Defendants fail to meet their burden to warrant the extraordinary remedy of injunctive relief. The Court finds Defendants' request for reinstatement of the terminated franchise relationship constitutes a request for mandatory relief. The Ninth Circuit has adopted

---

[4]Defendants argue Plaintiff's request for relief is barred by the unclean hands doctrine, because Plaintiff failed initiate mediation as required by the Franchise Agreement. The Court, however, finds this argument has no merit. According to the Franchise Agreement, the parties must attempt to resolve any "controversy or claim arising out of. . .the franchise agreement. . pursuant to mediation." Section 20.2(a). However, this requirement is expressly limited. Section 20.2(b) specifically states MBE is not required to mediate a claim concerning MBE's federally protected intellectual property rights. Because the temporary restraining order arises from Plaintiff's claim for infringement of its trademarks, the unclean hands defense fails.

more stringent standards for the issuance of mandatory injunctive relief, which is highly disfavored and rarely issued. See Dahl v. HEM Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993); Anderson v. United States, 612 F.2d 1112 (9th Cir. 1980). The moving party must show a "clear or substantial" likelihood of success on the merits. See Daniels Cablevision, Inc. v. San Elijo Ranch, Inc., 158 F.Supp.2d 1178, 1180 (S.D.Cal. 2001). And the moving party must also show "extreme or very serious" irreparable harm. Anderson, 612 at 1115. In order to satisfy these heightened standards, the moving party must demonstrate that both the law and the facts are "clearly" in its favor. Stanley v. Univ. of S. California, 13 F.3d 1313, 1320 (9th Cir. 1994). Defendants have not established their entitlement to preliminary injunctive relief under these standards.[5]

The Court further finds Defendant Berk acted with unclean hands when he responded to the corporate security investigation by contacting the franchisor's staff and leaving more threatening messages, and is thereby precluded from relief. Accordingly, Defendant's motion fo a preliminary injunction is **DENIED**.

## CONCLUSION AND ORDER

Based upon the foregoing and in conjunction with the order made on the record, **IT IS HEREBY ORDERED:**

1. Plaintiff/Counter-Defendant's motion for a temporary restraining order converted to a motion for a preliminary injunction is **GRANTED**.

   A. Defendants are prohibited from using or displaying MBE's trademarks, service marks, logos, symbols or trade dress in connection with advertising, distribution or display for sale of any product or service.

   B. Defendants are prohibited from making any statement or representation, or performing any act likely to lead members of the public to believe the Defendants' store is associated or affiliated with MBE.

   C. Defendants are prohibited from taking any action that is likely to dilute

---

[5]The Court's findings regarding Plaintiff's likelihood of success on the merits of its claims are incorporated here and militate against a finding that Defendants can make a "clear and convincing" showing of likelihood of success on the merits.

the distinctive quality of MBE's registered marks, or otherwise taking action likely to disparage MBE's business reputation. This includes a prohibition against any disparaging remarks regarding the unilateral termination or this Court's judgment regarding the termination.

D. Defendants are prohibited from otherwise infringing MBE's trademarks or service marks.

E. Defendants are not prohibited from allowing customers to use their mailboxes at their store.

F. Defendant shall file and serve a report setting forth how they have complied with this order as directed on the record.

G. Plaintiff shall post a security in the amount of $200,000 as directed on the record.

H. The parties shall preserve evidence contained in laptops, computer hard drives, or any other electronic storage device that may be used to support the claims of either party in this lawsuit.

2. Defendant/Counter-Claimants' motion for a temporary restraining order converted to a motion for preliminary injunction is **DENIED**.

DATED: April 28, 2008

JOHN A. HOUSTON
United States District Judge

# Notice of Appeal Notification Form

**To:** Clerk, U.S. Court of Appeals **Date:** 05/29/08
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title: Mail Boxes Etc, Inc. V. Stups Inc, Stuart Berk

U.S.D.C. No.: 08cv491 JAH (POR) U.S.D.C. Judge: John A. Houston

Complaint/Indictment/Petition Filed: Complaint

Appealed Order Entered: 4/28/2008

Notice of Appeal Filed: 5/28/2008

Court Reporter: Cameron Kircher

COA Status: ☐ Granted in full/part (appeal only) ☐ Denied (send clerk's file)

## Docket Fee Notification

Docket Fee: ☐ Paid ☒ Not Paid ☐ No Fee Required

USA/GOVT. APPEAL: ☐ Yes ☒ No

Date F/P granted (Show Date and Attach Copy of Order): ____________

Was F/P Status Revoked? ☐ Yes ☐ No

Companion Case(s): (Please list consolidated cases, if applicable) ____________

## Counsel Information

**Appellant Counsel:**

John J Waller, Jr
Finestone & Richter

11601 Wilshire Boulevard
Suite 1900
Los Angeles, CA 90025

(310) 575-0800

**Appellee Counsel:**

Paul Anthony Reynolds
DLA Piper US

401 B Street
Suite 1700
San Diego, CA 92101-4297

(619) 699-2700

Counsel Status: ☒ Retained ☐ Appointed ☐ Pro Se

Appointed by: ____________
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number: n/a

Bail: ____________________
Custody: ____________________

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| | F/P Order |
| | Minute Order |
| x | Other: Order granting Plaintiffs motion for preliminary injunction and denying Defendants motion for preliminary injunction entered 4/28/2008 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

Lauren Hammer — Deputy's Name

L. Hammer — Deputy's Signature

UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To: Clerk, U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

Re: **USCA No:**
**USDC No: 08cv491 JAH (POR)**
**Mail Boxes Etc, Inc v. Stups Inc, et al**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | | | | |
|---|---|---|---|---|---|---|
| x | Copy of the Notice of Appeal | | x | | Docket Entries | |
| x | Case Information/Docket Fee Payment Notification Form | | | | | |
| | Order for Time Schedule (Criminal) | | | | | |
| | Original Clerk's Record in | | | set(s) of | | volume(s). |
| | Reporter's transcript's transcripts in | | | set(s) of | | volume(s). |
| | Exhibits in | | envelope(s) | box(es) | | folders(s) |
| | Judgement Order | | | | F/P Order | |
| | CJA Form 20 | | | | Minute Order | |
| | Certificate of Record | | | | Mandate Return | |
| | Magistrate Judge's Report and Recommendation | | | | | |
| | COA Order | | | | | |
| | Amended docket fee notification form | | | | | |
| | Order Appointing Counsel for Appeal | | | | | |
| x | Order entered 4/28/2008, Civil Docketing & Representation Statement (1 original, 1 copy) | | | | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | | | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

Date: 05/29/08

By: L. Hammer
Lauren Hammer, **Deputy**